The Honorable Ted E. Mullenix State Representative 140 Riverside Drive Hot Springs, Arkansas 71913
Dear Representative Mullenix:
This is in response to your request for an opinion on the following question:
 If two school districts consolidated pursuant to Act 996 of 1991 [I assume you mean 966 of 1991] and the preconsolidation agreement provided for an even number of school board members following that consolidation, may the board continue to operate with an even number of board members in light of Section 6-13-1205 of the Arkansas Code due to the consolidation having been undertaken with the voters understanding that the agreement provided for an even number of board members?
It is my opinion that the answer to your question is "no."
Act 966 of 1991 is codified as A.C.A. § 6-13-1201 — 1208 (Repl. 1993), and it provides at § 6-13-1204(b)(1) and (2) as follows:
 (b)(1) The boards of directors of the affected districts may enter into an agreement, executed by the president and secretary of each district, prescribing the date of the annexation to the receiving district or the formation of the new district.
 (2) Such agreement may contain the number of members of the board of directors of the resulting district and prescribe the number of directors of the district who shall reside in territory contained in the affected districts. [Emphasis added.]
While this section states that the number of directors may be reached by agreement, section 6-13-1205 must also be considered, wherein it states:
 (b)(1) Unless the boards of directors agree otherwise, the board of directors of the resulting district shall be composed of nine (9) members following annexation or consolidation, and the term of a member of the board of directors shall not exceed five (5) years.
 (2) The boards by agreement may establish a board of directors composed of five (5) or seven (7) members.
 (3) The establishment of a board of directors with an even number of members following an annexation or consolidation is hereby prohibited.
[Emphasis added.]
The statute above plainly prohibits the establishment, following an annexation or consolidation, of a board of directors with an even number of members. I have previously opined that even the temporary existence of such an even numbered board is unlawful. See Op. Att'y Gen. 92-131. Act 966 of 1991, at A.C.A. § 6-13-1204(b)(2) allows the number of directors to be established by agreement, but when this provision is read in conjunction with A.C.A. § 6-13-1205 (b)(2) and (3), it is clear that the only options are to agree to a board of directors consisting of five members or seven members, (or to have no agreement, in which case the board of directors is composed of nine members). It is therefore my opinion that the answer to your question is "no." The fact that the voters of the two former districts voted with an even number of directors in mind and with the mistaken impression that an even number of directors was lawful is unfortunate, but in my opinion will not operate to sanction the continuing existence of an unlawful number of board members.
While I have answered the question posed, I should note that you have not inquired, and therefore I express no opinion on, the proper method for resolving the current unlawful situation. You have not provided any specific facts with regard to the existing number of board members or whether they are elected from single member zones, etc., or any facts regarding the election to consolidate the two districts. All of this information, along with other factors, would have to be taken into account to reach any solution to the problem. It is impossible for this office to act as a factfinder and detail any action to be taken in this regard. The resolution of this situation may, in my opinion, require resort to the judicial process.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh